BREAUX, C. J.
Plaintiff asked to have a receiver appointed to manage the affairs of the defendant corporation. He proceeded by rule.
The grounds ate, in the main, that a majority of the directors are jeopardizing the rights of creditors, and that the president and vice president are mismanaging its affairs, and wasting the funds; that the stores on the different places of the corporation are neglected, books badly kept; and that the administration generally is not all that it should be.
The late Mrs. Burguieres, the mother of the interested parties in this corporation, died in November, 1904, leaving as heirs Mrs. Earnestine L. Burguieres, wife of Prank C. Viguerie; Mrs. Margaret Burguieres, wife of James B. Brown; Mrs. A. B. Caillouet, widow; Mrs. Alice M. Burguieres, wife of J. O. Dupont; Mrs. Marie A. Burguieres, wife of A. J. Bonvillian; Léufroy J. Burguieres, and Mrs. Marie Cecile Patout, wife of Robert J. Brown, daughter of the late Mrs. Leufroy Patout, a daughter of Mrs. A. B. Burguieres.
The late Mrs. Burguieres owned four sugar plantations, improved, and other lands.
Pour of the heirs bought the interest of the other three heirs and became the sole owners of the real property, which the four purchasers transferred to the “Mrs. Burguieres Company, Limited.”
*100 The corporation, named the “Mrs. Burguieres Company, Limited,” was formed on the 28th day of January, 1905, the principal purpose for which the corporation was formed was to buy and operate the sugar plantations formerly belonging to Mrs. E. D. Burguieres, deceased.
The capital stock of the corporation was fixed at $300,000, divided into 300 shares of $1,000 each, to be paid in cash or its equivalent at the time of the subscription to the stock or within 30 days thereafter. It was, according to the terms of the charter, to begin operations after the subscription of the majority of the shares of the stock.
The first board of directors were: J. B. Brown, president; R. L. Brown, vice president; Mrs. A. B. Caillouet, treasurer, and Prank C. Viguerie, secretary.
The directors and the officers, including the secretary, were to be selected from the stockholders according to the terms of the charter.
The following persons were charter members, and signed the charter, and subscribed to stock at the time of incorporation, as follows:
J. B. Brown, R. L. Brown, Mrs. Caillouet, Prank C. Viguerie, each subscribed to 50 shares. On the 1st of February, Mrs. J. B. Brown, Mrs. R. L. Brown, Mrs. P. C. Viguerie, authorized by their respective husbands, together with Mrs. Caillouet, sold • their interest in the real property, inherited by them from their late mother, and the three-sevenths interest which they bought from their coheirs, to the “Burguieres Planting Co., Limited,” in consideration of the shares of the capital stock of the “E. D. Burguieres Planting Co., Ltd.,” in other words, they became the owners of all the shares in payment of their property sold to the corporation, as before mentioned.
None of the subscribers who signed the charter — that is, the Browns, and the plaintiff Viguerie — paid any part of the subscription for the shares of the capital stock except Mrs. Caillouet, who transferred one-fourth of the real property before mentioned to the corporation.
Stock was issued by the corporation to the-amount of $10,000 in the name of Mrs. P. C. Viguerie. This stock was issued to Mrs. Viguerie at the instance of her husband, and is the only stock ever actually issued by the company.
The certificates of shares issued to Mrs. Viguerie were signed by Brown, president, and Viguerie, secretary.
J. B. Brown who had been the manager for the late Mrs. Burguieres became manager for the corporation interests and affairs.
Differences and dissensions arose among the heirs, and, as a result, suits.
Mrs. Viguerie, authorized by her husband,, brought suit, which is pending in the district court, not yet tried, to rescind and annul the charter, and all acts of incorporation and for the rescission of the sale of the property sold by her together with her coheirs and co-owners to the corporation.
In her petition, in which she is joined by her husband to assist and authorize her, she alleges, among other things, that the signers of the original charter — i. e., the Browns, Mrs. Caillouet, and Viguerie — did not acquire anything; that they are not real stockholders, and that the corporation has no real existence; that the transfer by her and others, the heirs of Mrs. E. D. Uurguieres, is null and void. ■
She complains of bad administration of the affairs of the corporation.
Returning to the present case, we will state that at the instance of one of the parties to the suit expert bookkeepers were appointed to examine the books; one name to be appointed was suggested by plaintiff and appointed by the court, and the other by the *102 defendant. Although they did not agree, each made report, and suggested a condition of affairs not in keeping with accurate bookkeeping; and other testimony was heard regarding the management, and we incline to the opinion that its weight was not favorable to the contention of defendant.
In reference to the pleadings: The plaintiff filed an original and a supplemental amended petition.
In the supplemental petition, he alleged that he is a stockholder, and asked that defendants’ managers be ordered to render an account.
In the Adler & Co. suit, a suit brought by the corporation, in which creditors at one time sought to force defendant into the hands of a receiver, and in which plaintiff here, Viguerie, intervened and charged bad administration on the part of those in charge of the corporation; the board of directors had adopted a resolution asking that a receiver be appointed. This was abandoned, as well as this Adler suit. Despite the opposition of the intervener, it was dismissed on the ground that the corporation had bridged over its financial difficulties.
Plaintiff here challenged that statement, and said that it was abandoned and dismissed because the president preferred to avoid meeting his charges of bad administration, and because he, the president, wished to continue in his bad administration.
Three exceptions were filed and an answer to the supplemental petition, and still another answer.
In the answer to the supplemental petition, defendant alleged that plaintiff is secretary of defendant corporation, and that defendant should not be made to assume the burden of imparting the information asked by plaintiff, as the plaintiff, as secretary, had as much opportunity to obtain the information (he being secretary) for which he asked, as any other officer of the corporation.
The other answer contained special averments in defense and a general denial.
The exceptions and answers were filed on the same day in accordance with a rule of the district court which reads as follows:
“All defenses to rules nisi, exceptions and answers to the merits, must be filed on the same day and hour on which the rule is made returnable unless further time therefor is granted by the court. The exception to such rule should be tried at the same time the merits are tried, but the court can decide the exceptions before deciding the rule on the merits.”
The rule filed by plaintiff was made returnable on the 28th day of March, and it was on that day that the exceptions and answers were filed all at the same time.
We will in the first place decide issues of comparatively small importance, such as that growing out of defendant’s objection on the ground that the intervention in the suit of Adler & Co., above referred to, should not have been admitted in evidence and considered as forming part of plaintiff’s original petition.
We can only say in answer that the petition of intervention (the only document from that suit of any importance here) shows that plaintiff alleged that he is a stockholder in the corporation in that intervention which is made part of the suit before us.
We make no serious question in regard to this petition of intervention. It serves no purpose except to show that plaintiff claims he is a stockholder. That issue is sufficiently presented in the pleadings.
In her petition to rescind and annul the sale to which she was one of the parties, Mrs. Viguerie alleged, and Mr. Viguerie joins in the allegation by his appearance to authorize her, that the officers of the corporation are not stockholders. This contradicts the allegation of Mr. Viguerie in this suit; i. e., that he is a stockholder. This last allegation must have been made with his sanction, for he joined in the petition to authorize his wife.
*104 The next ground urged by the defendant is that the amended and supplemental petition, filed on the day in which plaintiff asked that defendant be made to render an account, should not have been allowed, as it raised new issues, and was not consistent with prior issues raised.
The matter of accounting could scarcely have been presented at the time that this amended and supplemental petition was filed in this case for the appointment of a receiver. Moreover, it is not germane to the main issues of the case save to the extent that plaintiff alleged that- he is a stockholder.
To the extent that this petition shows that plaintiff was a stockholder it was properly allowed, but no further.
We assume that its filing was allowed by the court, for it is referred to in the reasons for judgment handed down by the learned judge a quo. Defendant’s position is that the court never passed upon its objection to allowing it to be filed. This is error.
This brings us to the exceptions filed by defendant. We take them up for a moment. They were not considered and passed upon originally, but part was referred to the merits and another to be decided before the merits. The exception of no cause of action was referred to the merits to be decided with the merits, while other exceptions were to be decided before the merits.
Not one of these exceptions was expressly passed upon by the court. The exceptions to be decided before the merits may as well now be overruled as not tenable. We will not stop to discuss the grounds for overruling them. Our decree renders it unnecessary. This leaves the exception of no cause of action to be decided with the merits in accordance with the order of the district court, to which no objection was raised.
Passing from these exceptions, we take up the answers.
In one of them the defense is special, while in the other it is general. All the grounds are specially alleged, and, besides, the general issue is pleaded.
The contention of plaintiff is that the special defense contains an admission; that admission consisting in the allegation that plaintiff is the secretary of the company.
Defendant’s further ground of defense to restate it before deciding is that the secretary had all the books at his disposition, and accounts and papers, and that in consequence •he could not be heard to petition the court for an accounting by defendant. Moreover, defendant alleged that it tendered all the books and papers of the corporation to plaintiff.
It is out of the ordinary for a secretary to call upon his employer for an accounting in his behalf.
Plaintiff’s contention is that in view of the fact that the charter contains the provision that only a stockholder can be a secretary it follows that the admission that plaintiff is the secretary is an admission that he is a stockholder.
If that were the only allegation of the defendant, and if it had to be judged on that allegation alone, there would arise very serious grounds against defendant on this point. The special defense here must be considered with other grounds presented in other petitions and other answers, notably the original answer and the exception of no cause of action referred to the merits. In some of these defenses it is specially alleged that plaintiff is not a stockholder. Just as plaintiff began on the first day to offer his testimony, the matter of plaintiff’s want of interest came up, and was urged as ground not to admit testimony.
The defendant objected to the admissibility of the testimony on the ground that the petition did not allege that plaintiff is a stockholder or creditor of the defendant corpora *106 tion, and that without this allegation he is without interest to prosecute this suit.
This ruling of the district court on this point was that plaintiff is one of the signers of the charter; that he subscribed for shares; that he was elected secretary; and that that was interest enough to enable him to introduce proof in support of his contention. The matter of admission was not considered by the district judge, and we do not find that it was urged by plaintiff.
The question arises: Are they inconsistent, the asserted admission in referring to plaintiff as secretary, and the allegation of defendant that he is not a stockholder? Plaintiff’s contention is that defendant’s allegation that plaintiff is secretary is equivalent to an allegation that he is a stockholder by reason of the fact that the charter provides that-no one but a stockholder can be secretary.
The admission in question may have referred to the office of secretary of the company without reference to whether or not he was a stockholder. It is an admission that he was secretary, but not necessarily an admission that he was a stockholder. It must be borne in mind that it has several times been alleged that he was not a stockholder. Furthermore, plaintiff in another suit joined his wife in allegations against defendant in which he alleged that he and the others who had signed without further interest are not stockholders.
We may remark here that from these allegations, if they are all sustained, there is a corporation without stockholders — if that should be possible.
Moreover, the answer to the supplemental and amended petition, containing the alleged admission, raises a new, distinct, and separate issue; it is a suit for an accounting, different from the purpose of the original suit.
In order to meet this new issue, defendant alleged that plaintiff is secretary and not entitled to an accounting for that reason.
It being a new issue, the answer could not be used as an admission in the original proceedings.
“The moment we leave the sphere of the same cause we leave behind all questions of judicial admissions.” Wigmore, vol. 2, p. 1065. “It applies to another issue in the same case.” Id, p. 1064, par. 2.
It is á question of proof as to whether plaintiff was a stockholder. And, in general, whoever says anything as plaintiff or defendant must prove it.
Be that as it may, as relates to another point, that he is a stockholder, because there are shares not disposed of. Plaintiff urged as a ground for granting his demand that there are shares remaining in the corporation which may be considered within its control to be delivered to plaintiff and the others who have taken shares and have not paid for them.
This contention is based upon the ground that the sale by the lady holders, or alleged holders, of all the shares is null and void, and the stock reverts to the corporation to be otherwise distributed than as has heretofore been proposed by the corporation, and the president and secretary and other members of the board of directors.
We can only say in answer: It must be borne in mind that the parties to this sale are not parties to this suit; the sale cannot be annulled in their absence from the suit. They have a right to the stock for which they have paid. They are the only ones who have paid anything. In order to take their stock, or cancel their right, if they have a right, it will be necessary to return their property. These things cannot be done ex parte.
The question of plaintiff’s right to share is one of proof, but the evidence fails to sustain his allegation that he is a stockholder. There is no room for him among the stockholders or for the president and the other stockholders who have not paid anything. All *108 and consideration received therefor. Plaintiff cannot claim any of them-to be delivered to plaintiff and others even if they were in a position to claim, for as long as the corporation holds the property ol' these vendees it cannot dispose of the shares in any other way than agreed upon, as made evident by the sales of the property before mentioned. The Latin maxim is: “Quod nostrum est sine facto sine defectu nostro, amitti seu in alium transferí! non potest.” That which is ours cannot be lost or transferred to another without our own act or our own fault.
Lastly, article 107 of the Code of Practice is cited by plaintiff relating to the husband’s authority in certain suits in matter of his wife’s rights.
True, the husband in some suits may stand in judgment to protect the property of his wife. This is not such a suit, for he has not made needful allegation to that end. He cannot sustain an action in his own name, brought to protect his own interest, as he alleged without disclosing in his pleadings that the interest he seeks to protect is his wife’s.
The fact is, the really interested persons remain silent. Had they asked it, the case might be perhaps remanded in order that they might come to some conclusion before the courts regarding their interest, prejudiced as it is by the differences disclosed by the record.
In the absence of proper interest asking for relief, the property will not be placed in the hands of a receiver.
The issues decided here, it is fortunate, can have no prejudicial effect on the rights of interested parties who are before the court..
For reasons assigned, the judgment appealed from is annulled, avoided, and reversed. Plaintiff’s suit is dismissed at his cost in both courts.
Mr. Justice NICHOLLS takes no part, not having heard the argument.